**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER JONES,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 4:25-CV-1299 PLC** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Exclude Expert Testimony of Dr. Brian Meek, filed August 6, 2026. (ECF No. 52). For the reasons set forth below, the motion is denied.

## BACKGROUND

This case involves a dispute between Plaintiff Christopher Jones and Defendant State Farm Mutual Automobile Insurance Company. Plaintiff claims that on May 18, 2024, he was operating a vehicle in St. Louis County, when the underinsured driver of another vehicle (Andrew Rodgers) made an improper left turn directly into Plaintiff's path of travel, striking Plaintiff's vehicle. (ECF No. 3, ¶¶ 5-6). Plaintiff claims he suffered serious and debilitating injuries as a result of the accident. (*Id.*, ¶ 25). Plaintiff made bodily injury claims against Mr. Rodgers' insurance policy, which were ultimately resolved for the full policy limits of $50,000.00 per person. (*Id.*, ¶¶ 11-12).[1]

---

[1] Defendant State Farm consented to the settlement. (ECF No. 3, ¶ 13).

At the time of his accident, Plaintiff had two insurance policies through Defendant State Farm for automobile coverage, including underinsured motorist protection totaling $350,000.00. (ECF No. 3, ¶¶ 8, 15-16). Plaintiff submitted demands for the entirety of the underinsured motorist coverage under both policies, but Defendant refused to pay. (*Id.*, ¶¶ 14-17).

On or about August 21, 2025, Plaintiff filed his Petition for Damages in the Circuit Court for St. Louis County, Missouri, bringing claims for Breach of Contract for Underinsured Motorist Coverage and Vexatious Refusal to Pay. (ECF No. 3). On August 27, 2025, Defendant removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1).

On January 29, 2026, Defendant filed a Motion for Medical Examination. (ECF No. 23). In its motion, Defendant noted treatment recommendations from Plaintiff's expert, Dr. Jeff Lehmen, included pain management procedures and possibly surgery. (*Id.*, P. 1). While Defendant previously had Plaintiff's medical records reviewed by an orthopedic surgeon, due to the pain management recommendations Defendant sought to have Dr. Brian Meek, a physiatrist who specializes in pain medicine, examine Plaintiff.[2] (*Id.*). The Court granted Defendant's motion in an Order entered February 17, 2026. (ECF No. 30).

On August 6, 2026, Plaintiff filed the instant motion to exclude Dr. Meek's expert testimony. (ECF No. 52). Plaintiff states Defendant has designated Dr. Meek, a pain management doctor, as an expert witness for the defense. (*Id.*, P. 1). According to Plaintiff, Dr. Meek intends to provide opinions on topics for which he is not qualified, namely, whether an invasive L4-L5 spine fusion surgery is indicated. (*Id.*). Plaintiff asserts that Dr. Meek has never performed the surgery at issue, and does not know its success rate. (*Id.*, PP. 1, 3). He further maintains Dr. Meek

[2] Specifically, Defendant asserted that "Dr. Meek is a physiatrist who will be able to examine plaintiff to help determine whether there are other options to treat him short of surgery as well as to determine his current level of function." (ECF No. 29, P. 1).

is not a board-certified orthopedic spine surgeon, and thus he does not possess the requisite knowledge, skill or experience to opine on Plaintiff's proposed surgery. (*Id.*, P. 1).[3] Plaintiff therefore requests that the Court prohibit Dr. Meek from offering opinions at trial relating to Plaintiff's probable outcome following an L4-L5 invasive spine fusion. (*Id.*, P. 5).

Defendant responds that it retained Dr. Meek to review Plaintiff's imaging and records, and to conduct an independent medical examination. (ECF No. 55, P. 1). Defendant states that although Dr. Meek does not perform the surgery at issue, "he is an expert with regard to the spine as well as making recommendations on how to treat neck and back pain." (*Id.*). Defendant maintains "[t]he fact that Dr. Meek does not perform the particular procedure may be relevant to the weight the jury gives his opinion, but it does not categorically disqualify him from rendering opinions concerning Plaintiff's prognosis and treatment, including whether or not the L5-S1 fusion[4] proposed by Plaintiff's expert would relieve Plaintiff's symptoms." (*Id.*, P. 3; *see also Id.* ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility.")). Defendant thus asserts that disputes regarding Dr. Meek's conclusions "should be tested before the jury through cross-examination and competing experts as opposed to resolution through exclusion." (*Id.*, P. 7).

## LEGAL STANDARD

The admission of expert testimony is governed by Federal Rule of Evidence 702, which provides:

---

[3] According to Plaintiff, "Dr. Meek was unable to provide any studies or literature to support his opinion that Plaintiff would not receive a benefit from spine surgery. When asked to provide 'one group, or one study or one piece of information' to support his opinion that all Plaintiff needs to do is exercise to get better, Dr. Meek was unable to identify a single shred of evidentiary support." (ECF No. 52, P. 5).

[4] The Court notes the parties refer to Plaintiff's proposed surgery differently.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of expert testimony must prove its admissibility by a preponderance of the evidence. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021).

Courts have interpreted Rule 702 as vesting trial courts "with a gatekeeping function, ensuring that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Union Pacific R. Co. v. Progress Rail Servs. Corp.*, 778 F.3d 704, 709 (8th Cir. 2015) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). "In order to carry out this gatekeeping function, the Eighth Circuit has instructed district courts to apply the following three-part test for screening expert testimony: (1) '[The expert's] testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant'; (2) 'the expert must be qualified to assist the finder of fact'; and (3) 'the testimony must be reliable or trustworthy in an evidentiary sense.'" *Kar v. Safeco Ins. Co. of America*, No. 4:23-CV-207 HEA, 2025 WL 2305773, at *3 (E.D. Mo. Aug. 8, 2025) (quoting *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th at 777).

To satisfy the relevance requirement, "evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact."

*Patterson v. Union Pacific R. Co.*, No. 4:23-CV-1597 JMB, 2026 WL 2274153, at *2 (E.D. Mo. Aug. 6, 2026) (internal quotation marks and citations omitted). "As to the second requirement, a witness may be qualified as an expert by 'knowledge, skill, experience, training, or education.'" *Triplett v. Keep Trucking, LLC*, No. 2:25-CV-01 SRW, 2026 WL 1830881, at *10 (E.D. Mo. Jun. 25, 2026) (quoting Fed. R. Evid. 702). However, "'[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility,' and 'the weight given to witness testimony is the province of the jury.'" *Id.* (quoting *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023)). Finally, "'proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.'" *Patterson*, 2026 WL 2274153, at *2 (quoting *Lauzon v. Senco Prods. Co., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001)). "To meet the third criterion, the testimony must be based on sufficient facts or data and be the product of reliable principles and methods, and the expert must have reliably applied the principles and methods to the facts of the case." *Id.* (internal quotation marks and citation omitted).

In general, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (internal quotation marks and citations omitted). *See also Triplett*, 2026 WL 1830881, at *11 (internal quotation marks and citations omitted) ("As long as the expert testimony rests upon good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset."). Thus, the exclusion of expert testimony is proper only if the expert's opinion "'is so fundamentally unsupported that it can offer no assistance to the jury.'" *Id.* (quoting *Wood v. Minn.*

*Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (internal quotation marks and citation omitted)). Finally, "'doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" *Kar*, 2025 WL 2305773, at *3 (quoting *Sphere Drake Ins., PLC v. Trisko*, 226 F.3d 951, 954 (8th Cir. 2000) (internal quotation marks and citation omitted)).

**DISCUSSION**

Upon consideration of the parties' briefs, the Court will deny Plaintiff's Motion to Exclude Expert Testimony of Dr. Brian Meek, for two reasons. As an initial matter, the Court notes the briefing before it is incomplete, rendering a ruling premature. As noted above, Plaintiff asserts Defendant has designated Dr. Meek as an expert witness for the defense. However, neither party states whether Defendant has designated Dr. Meek as an expert witness, or merely a treating physician who may provide expert testimony. If Dr. Meek is to testify in the role of the former, *i.e.*, a witness "retained or specially employed to provide expert testimony", his testimony is subject to Federal Rule of Civil Procedure 26(a)(2)(B), which requires the witness to provide a written report containing the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Neither party has provided the Court with a copy of any such report, and thus the Court cannot effectively assess the admissibility of his opinions under *Daubert*.

Furthermore, even assuming Dr. Meek was not required to prepare a written report, the parties have failed to submit all of the relevant deposition testimony. In other words, neither party has provided the Court with the full transcript of Dr. Meek's deposition testimony, and both have cited to passages not attached. (*See, e.g.*, ECF No. 52, P. 4 (citing unsubmitted pages 51-52); ECF No. 55, PP. 1, 3, 6, 7 (citing unsubmitted pages 13, 27, 37, 54, 62-64, 67, 69)). Absent a complete record, the Court will not preclude Dr. Meek's testimony in its entirety.

Moreover, the Court finds any alleged deficiencies in Dr. Meek's testimony are better addressed through cross-examination at trial. As noted above, under relevant Eighth Circuit precedent "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Nebraska Plastics,* 408 F.3d at 416 (internal quotation marks and citations omitted). The expert's opinion thus should be excluded only when it is "so fundamentally unreliable that it can offer no assistance to the jury[.]" *Harrington v. Sunbeam Products, Inc.*, No. 4:07-CV-1957 CAS, 2009 WL 701994, at *4 (E.D. Mo. Mar. 13, 2009) (internal quotation marks and citation omitted).

Here, the Court finds Dr. Meek's purported conclusion that a spine fusion surgery is not indicated sufficiently reliable to assist the jury's determination of a disputed issue. As support for this finding the Court notes that, as posited by Defendant, Dr. Meek "is an expert with regard to the spine as well as making recommendations on how to treat neck and back pain." (ECF No. 55, P. 1). Therefore, the fact that Dr. Meek does not perform the surgery at issue "may be relevant to the weight the jury gives his opinion, but it does not categorically disqualify him from rendering opinions concerning Plaintiff's prognosis and treatment, including whether or not the L5-S1 fusion proposed by Plaintiff's expert would relieve Plaintiff's symptoms." (*Id.*, P. 3). *See Triplett*, 2026

WL 1830881, at *10 (internal quotation marks and citations omitted) ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility, and the weight given to witness testimony is the province of the jury."); *see also Lauzon*, 270 F.3d at 695 ("It is far better where, in the mind of the district court, there exists a close case on relevancy of the expert testimony....to allow the expert opinion....").

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Expert Testimony of Dr. Brian Meek (ECF No. 52) is **DENIED**.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of October, 2026